IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MIA M. GRAVES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 26-996** |
| | : | |
| **EXPERIAN INFORMATION SOLUTIONS, INC. and EQUIFAX INFORMATION SERVICES, LLC** | : | |

# ORDER-MEMORANDUM

**AND NOW**, this 23rd day of October 2026, upon considering Plaintiff's pro se September 5, 2026 Motion for reconsideration (ECF 36) of our August 31, 2026 Order (ECF 34) granting Defendants' Motion to dismiss her claims with prejudice (ECF 30) and for leave to amend her June 11, 2026 second amended Complaint (ECF 28), Plaintiff's supplemental Motion for leave (ECF 37), our September 8, 2026 Order (ECF 38) granting Plaintiff's Motion for leave (ECF 37), Plaintiff's renewed Notice (ECF 41) of compliance with our September 8, 2026 Order (ECF 38), Defendants' Response (ECF 42) to Plaintiff's September 5, 2026 Motion for reconsideration (ECF 36) and for leave to amend her Complaint (ECF 28), Plaintiff's Reply (ECF 43), Plaintiff's Motion for leave to submit newly obtained evidence (ECF 44), Defendants' Response (ECF 45) to Plaintiff's Motion for leave to submit newly obtained evidence, Plaintiff's Reply (ECF 46), and for good cause, it is **ORDERED** we:

1 **GRANT in part** and **DENY in part** Plaintiff's Motion for reconsideration (ECF 36) requiring we:

a. **Deny** reconsideration as to all claims reviewed and dismissed finding no basis to reconsider our August 31, 2026 Order (ECF 34) dismissing her second amended Complaint as to the facts presented in the second amended Complaint but,

b. **Grant** reconsideration of the dismissal of claims only against Experian and Equifax with prejudice to dismiss the claims against Experian and Equifax without prejudice mindful of Plaintiff's pro se status and later filings;

2 **GRANT in part** Plaintiff's Motions (ECF 36, 44) to file a third amended Complaint not exceeding twenty-five pages compliant with our Policies (including an attached redlined version) by no later than **November 2, 2026** only to plead claims other than inconsistency claims against Experian and Equifax subject to further dispositive motions if warranted; and,

3 **AMEND** the caption as above to reflect our continuing dismissal of TransUnion with prejudice.

***Analysis***

We offer some context to understand a series of pro se allegations. Philadelphian Mia Graves obtained and reviewed several consumer reports and dispute-result documents concerning her credit information dated between June 2025 and April 2026.[1] The reports each reflected different credit scores for Ms. Graves.[2] The reports' summary sections also reflected tradelines and inquiries into Ms. Graves's credit history.[3] Ms. Graves identified tradelines and inquiries she believed inaccurately appeared in her credit report and disputed them with the consumer reporting agencies.[4] In certain instances, she found disputed and deleted tradeline and inquiry information later reappeared without the reinsertion notices or certifications Congress requires through the Fair Credit Reporting Act.[5]

Ms. Graves sued credit reporting agencies TransUnion LLC, Experian Information Solutions, Inc., and Equifax Information Services LLC alleging they violated specific obligations set by Congress in the Fair Credit Reporting Act concerning her consumer credit reports between

June 2025 and April 2026.[6] We dismissed Ms. Graves's claims with leave to file a second amended Complaint consistent with Rule 11.[7] Ms. Graves timely amended.[8] But we dismissed with prejudice Ms. Graves's second amended Complaint on August 31, 2026.[9] She did not plead facts allowing us to plausibly infer an inaccuracy, willfulness, or reinsertion by TransUnion, Experian, or Equifax under the Fair Credit Reporting Act.[10]

Ms. Graves now asks us to reconsider our August 31, 2026 Order (ECF 34) dismissing her claims with prejudice.[11] She moves under Federal Rule of Civil Procedure Rule 59(e) and requests we alter or amend our judgment.[12] Ms. Graves argues she will narrow her pleadings to facts showing inaccuracies and only wishes to preserve claims she can sufficiently plead.[13] She provides a proposed third amended Complaint.[14]

Ms. Graves also moves for leave to submit newly obtained evidence.[15] Ms. Graves alleges Equifax removed five disputed accounts from her credit report but reinserted some tradelines.[16] Ms. Graves discovered the reinsertions when Equifax sent her a credit report on October 3, 2026.[17] She alleges Equifax reinserted her NCB tradeline information without notice.[18] Ms. Graves also alleges Equifax may have reinserted her tradelines from her Kikoff account. Ms. Graves alleges possible reinsertions of tradelines from her First Premier and LVNV accounts but does not allege which entries correspond to the deleted tradelines.[19]

We address Ms. Graves's Motion for reconsideration and Motions for leave in turn.

***We find no basis to reconsider our Order dismissing the Fair Credit Reporting Act claims based on inconsistencies or against TransUnion.***

Ms. Graves argues we should reconsider our judgment because we treat her pleading deficiencies as incurable.[20] She also argues we must reconsider to prevent manifest injustice.[21] TransUnion, Equifax, and Experian oppose.[22] They argue Ms. Graves does not show how our decision created a manifest injustice.[23] Ms. Graves counters our judgment should be without

prejudice to allow her to continue with her proposed third amended Complaint.[24] We agree there is no basis for reconsideration as to inconsistencies but amend our August 31, 2026 Order (ECF 34) to dismiss without prejudice to allow Ms. Graves to file a third amended Complaint based solely on the inaccuracies allegedly presented in the agencies' reports.

Congress allows parties to move to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).[25] Parties use Rule 59(e) to ask us to reconsider a judgment.[26] We may reconsider only where the moving party shows: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[27] Ms. Graves must persuade us we wrongly dismissed her case against the agencies with prejudice and "'adherence to the decision would create a manifest injustice.'"[28] Manifest injustice exists "when there is a 'direct, obvious, and observable error.'"[29]

Ms. Graves shows no intervening change in the controlling law. She also does not present evidence unavailable to her when we granted the reporting agencies' Motion to dismiss the inconsistency allegations. Ms. Graves does not show a direct, obvious, or observable error from our decision as to TransUnion or the allegations in her earlier filings. There is no manifest injustice or a need to correct an error of law in dismissing the earlier claims without an observable error.

But we find a basis to vacate the dismissal with prejudice. We allow Ms. Graves to file a third amended Complaint not exceeding twenty-five pages and limited to allegations she first presented in her most recent filings (ECFs 41, 44) relating to alleged Act violations not earlier alleged based on inconsistencies.

***We deny Ms. Graves leave to plead claims against TransUnion.***

Ms. Graves does not narrow her claims against TransUnion. She again gives us no reason to believe she can otherwise plead facts to allow us to plausibly infer inaccuracy.[30] She does not present new facts in her proposed third amended Complaint. Granting her leave to plead claims against TransUnion would be futile.

***We grant Ms. Graves leave to timely plead inaccuracy claims against Experian.***

Ms. Graves moves for limited leave to plead claims against Experian because she can now present a narrower pleading.[31] She presents an allegedly narrower pleading in her proposed third amended Complaint.[32] Experian opposes.[33] It argues we should deny leave to amend because of undue delay, bad faith, prejudice, or futility.[34] Ms. Graves responds none of these factors are present.[35]

Congress permits parties to amend their pleadings once as a matter of course.[36] "A party may [otherwise] amend its pleading only with the opposing party's written consent or the court's leave."[37] We must freely give leave when justice so requires.[38] When a timely motion to amend a complaint "is filed under Rule 59(e) 'the Rule 15 and 59 inquiries turn on the same factors[.]'"[39] Courts grant such motions sparingly because of the strong interest in the finality of judgments.[40] But we may grant leave to amend when no "'undue delay, bad faith, prejudice to the opposing party, or futility'" exists.[41] We also must consider pro se defendants are held to less stringent pleading standards.[42]

Ms. Graves narrows her claims against Experian and shows no futility, undue delay, bad faith, or prejudice to Experian.[43] Futility is not present because Ms. Graves now gives us reason to believe she can plead facts to allow us to plausibly infer inaccuracy.[44] There is no undue delay because Ms. Graves has been responsive to our rulings. Bad faith is not present because Ms. Graves

does not amend all her earlier facts but just the relevant facts. And Experian suffers no prejudice if we grant Ms. Graves's Motion because it may respond to a limited third amended Complaint. We grant her leave to timely file a limited third amended Complaint to add inaccuracy claims against Experian.

***We grant Ms. Graves leave to timely plead reinsertion and inaccuracy claims against Equifax.***

Ms. Graves also moves for leave to plead newly obtained allegations against Equifax.[45] She asks we consider a new October 3, 2026 Equifax report.[46] The report allegedly shows Equifax removed five disputed accounts from Ms. Graves's earlier credit report but reinserted some tradelines in her October 3, 2026 report.[47] Ms. Graves argues both Federal Rules of Civil Procedure 15(a)(2) and 15(d) allow us to grant her Motion for leave.[48] Equifax opposes.[49] It argues we should exclude the newly discovered evidence because Ms. Graves did not act with diligence in obtaining her credit report.[50] It also argues Ms. Graves's newly discovered evidence is immaterial.[51] Ms. Graves counters arguing we should consider whether she acted with diligence "separately from the date printed on a later consumer report."[52] She also argues Equifax conflates the standards for reconsideration and supplementation.[53] We agree with Ms. Graves at this stage mindful of her pro se status and consistent with avoiding multiple cases under Rule 1 subject to further review on a developed record.

The Supreme Court through the Federal Rule of Civil Procedure 15(d) provides "[o]n motion and reasonable notice, [we] may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." We may permit supplemental pleadings when the original pleading does not sufficiently plead facts allowing us to plausibly infer a claim.[54] But while the standard to amend is similar to the standard to supplement, we afford more leniency to amending a complaint.[55] A motion for leave to file a supplemental complaint is permitted absent "undue delay,

bad faith, dilatory tactics, undue prejudice to defendants, or futility, and when the supplemental facts are connected to the original pleading."[56] We also must consider pro se defendants are held to less stringent pleading standards.[57] But Congress affords us broad deference on whether to grant a supplemental pleading.[58]

We review Ms. Graves's Motion for leave to bring newly obtained reinsertion allegations under a liberal pleading standard. She received the new Equifax consumer report on October 3, 2026.[59] She timely moved for leave the same day.[60] We lack a basis today to find undue delay on the record before us. Equifax disagrees, arguing Ms. Graves's delay in requesting the October 3, 2026 report in the first instance shows an undue delay.[61] We are not persuaded by Equifax's arguments concerning Ms. Graves's delay in requesting reports today. These arguments are better analyzed based on a fuller record addressing, among other things, Ms. Graves's knowledge. And her same-day filing also speaks to the lack of bad faith or dilatory tactics by Ms. Graves.

We also do not find undue prejudice to Equifax. Equifax possessed and produced the records it sent to Ms. Graves so it had fair notice of the documents' contents.[62] Equifax can more fully address if warranted on a more developed record. Ms. Graves's supplemental allegations against Equifax are not futile because she now gives us reason to believe she can plead these facts allowing us to plausibly infer an inaccuracy claim in a third amended Complaint.[63] The supplemental allegations are also connected to claims she unsuccessfully tried to plead in the second amended Complaint against Equifax. Equifax has always been a defendant. We grant her leave to timely plead facts allowing us to plausibly infer a claim against Equifax subject to further review.

**KEARNEY, J.**

---

[1] ECF 28 ¶ 15.

[2] *Id.* ¶ 16.

[3] *Id.* ¶ 17. A tradeline is a term used by credit reporting agencies to describe credit accounts listed on a creditor's credit report. Each credit card, loan, or other type of credit account has its own tradeline. A tradeline usually includes the following information: lender name and address, type of account, partial account number, current status, date account opened, date account closed (if applicable), date of last activity, current balance, original loan or credit limit, monthly payment, recent balance (for credit card accounts), and payment history. *What Are Tradelines and How Do They Affect You?*, https://www.experian.com/blogs/ask-experian/what-are-tradelines/ [https://perma.cc/STP2-TFGB].

[4] ECF 28 ¶¶ 18, 39, 46, 51, 58, 63, 69, 74, 80, 85, 90, 95, 100.

[5] *Id.* ¶¶ 18, 26, 32.

[6] ECF 22.

[7] ECF 26.

[8] ECF 28.

[9] ECF 34. We published the accompanying memorandum on September 1, 2026. ECF 35.

[10] ECF 35 at 14.

[11] ECF 36 at 1; ECF 37.

[12] ECF 36 at 1.

[13] *Id.*; ECF 37 at 5–6.

[14] ECF 41 Ex. A.

[15] ECF 44.

[16] *Id.* at 2.

[17] *Id.*

[18] *Id.*

[19] *Id.*

[20] ECF 36 at 2.

[21] ECF 37 at 7.

---

[22] ECF 42.

[23] *Id.* at 8–15.

[24] ECF 43 at 1.

[25] Fed. R. Civ. P. 59(e).

[26] *Virgin Grand Ests. #60 Villa Ass'n v. Inter-Ocean Ins. Agency, St. Thomas, LLC*, No. 25-1804, 2026 WL 2412589, at *4 (3d Cir. Aug. 18, 2026); *e.g. Francisco v. Kline*, No. 25-5775, 2026 WL 2595186, at *1 (E.D. Pa. Sept. 2, 2026).

[27] *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); *Johnson v. Nickelson*, No. 15-4965, 2026 WL 3073467, at *2 (E.D. Pa. Oct. 14, 2026) (quoting *Max's Seafood Cafe ex rel. Lou-Ann, Inc.*, 176 F.3d at 677).

[28] *In re City of Philadelphia Litig.*, 158 F.3d 711, 721 (3d Cir. 1998); *United States v. Novikov*, No. 11-189, 2022 WL 9635105, at *3 (E.D. Pa. Oct. 17, 2022).

[29] *Assoc. of N.J. Rifle & Pistol Clubs Inc. v. Attorney General N.J.*, 974 F.3d 237, 247 (3d Cir. 2020) (quoting *Manifest Injustice*, Black's Law Dictionary (11th ed. 2019)); *Weller v. Interim Physicians, LLC*, No. 22-4205, 2025 WL 4097423, at *1 n.1 (E.D. Pa. Sept. 4, 2025) (quoting *In re Energy Futures Holding Corp.*, 904 F.3d 298, 311–12 (3d Cir. 2018)).

[30] ECF 41 Ex. A.

[31] ECF 36 at 2.

[32] ECF 41 Ex. A.

[33] ECF 42.

[34] *Id.* at 8.

[35] ECF 43 at 2–7.

[36] Fed. R. Civ. P. 15(a)(1).

[37] Fed. R. Civ. P. 15(a)(2).

[38] *Id.*

[39] *Lacey v. City of Newark*, 828 F. App'x 146, 150 (3d Cir. 2020) (quoting *Jang v. Boston Sci. Scimed, Inc.*, 729 F.3d 357, 367–68 (3d Cir. 2013)); *Wesley v. Prime Care Med.*, No. 22-4223, 2023 WL 6050578, at *2 (E.D. Pa. Sept. 14, 2023) (quoting *Lacey*, 828 F. App'x at 150).

[40] *Sec'y U. S. Dep't of Labor v. Koresko*, 726 F. App'x 127, 131–32 (3d Cir. 2018).

---

[41] *Reardon v. Zonies*, 730 F. App'x 129, 131 (3d Cir. 2018) (quoting *Jang*, 729 F.3d at 367); *Harrison-El v. Doe*, No. 23-4725, 2024 WL 3678997, at *2 (E.D. Pa. Aug. 6, 2024).

[42] *Freeman v. Lincalis*, 158 F.4th 166, 175 (3d Cir. 2025) (quoting *Kalu v. Spaulding*, 113 F.4th 311, 325 (3d Cir. 2024)); *e.g. Bybee v. Fifth Third Bank*, No. 22-00254, 2022 WL 17583796, at *2 (W.D. Pa. Dec. 12, 2022) (holding a pro se plaintiff to a less stringent pleading standard in a Fair Credit Reporting Act case).

[43] ECF 41 Ex. A at 4–5.

[44] *Id.*

[45] ECF 44.

[46] *Id.* at 5.

[47] *Id.* at 2.

[48] *Id.* at 6–7.

[49] ECF 45. TransUnion and Experian joined Equifax. *Id.* Ms. Graves only moves to include new information about Equifax in her argument. ECF 44 at 5.

[50] ECF 45 at 7.

[51] *Id.* at 9.

[52] ECF 46 at 1.

[53] *Id.*

[54] Fed. R. Civ. P. 15(a); *e.g. Garrett v. Wexford Health*, 938 F.3d 69, 83 (3d Cir. 2019).

[55] *Lutter v. JNESO*, 86 F.4th 111, 125 n.13 (3d Cir. 2023); *In re Generic Pharms. Pricing Antitrust Litig.*, No. 16-27242, 2025 WL 752544, at *1 (E.D. Pa. Mar. 5, 2025).

[56] *Clearly Clean Prods., LLC v. Tekni-Plex, Inc.*, No. 20-4723, 2026 WL 711739, at *3 (E.D. Pa. Mar. 13, 2026) (citing *CMR D.N. Corp. v. City of Philadelphia*, No. 07-1045, 2011 WL 857294, at *4 (E.D. Pa. Mar. 11, 2011), *aff'd*, 703 F.3d 612 (3d Cir. 2013)).

[57] *Freeman*, 158 F.4th at 175 (quoting *Kalu*, 113 F.4th at 325); *e.g. Bybee*, 2022 WL 17583796, at *2 (holding a pro se plaintiff to a less stringent supplemental pleading standard in a Fair Credit Reporting Act case).

[58] *T Mobile Ne. LLC v. City of Wilmington*, 913 F.3d 311, 326 (3d Cir. 2019); C*learly Clean Prods., LLC*, 2026 WL 711739, at *3.

[59] ECF 44 at 9.

---

[60] *Id.*

[61] ECF 45 at 7–9.

[62] ECF 44 at 8.

[63] ECF 41 Ex. A.